Markman, C.J. (dissenting).
 

 I respectfully dissent. I would grant leave to appeal to further consider defendant's argument concerning the proper causation standard for discrimination cases under the Civil Rights Act (CRA), MCL 37.2101
 
 et seq
 
 .
 

 MCL 37.2202(1)(a) of the CRA prohibits an employer from discriminating "against an individual ...
 
 because of
 
 religion, race, color, national origin, age, sex, height, weight, or marital status." (Emphasis added.) This Court has been inconsistent in its interpretations of this standard. For instance, in
 
 Hazle v. Ford Motor Co.
 
 ,
 
 464 Mich. 456
 
 ,
 
 628 N.W.2d 515
 
 (2001), we explained that under MCL 37.2202(1)(a), "the ultimate factual inquiry made by the jury" is "whether consideration of a protected characteristic was
 
 a motivating factor
 
 , namely, whether it made a difference in the contested employment decision."
 
 Id
 
 . at 466,
 
 628 N.W.2d 515
 
 (emphasis added). However, in
 
 Hecht v. Nat'l Heritage Academies, Inc.
 
 ,
 
 499 Mich. 586
 
 ,
 
 886 N.W.2d 135
 
 (2016), we explained that "we have interpreted the CRA to require ' "but for causation" or "causation in fact." ' "
 
 Id
 
 . at 606,
 
 886 N.W.2d 135
 
 , quoting
 
 Matras v. Amoco Oil Co.
 
 ,
 
 424 Mich. 675
 
 , 682,
 
 385 N.W.2d 586
 
 (1986). These interpretations of the CRA are inconsistent, as
 
 Hecht
 
 imposes a considerably higher causation standard than
 
 Hazle
 
 .
 

 Defendant here sets forth the argument that the "because of" language found in MCL 37.2202(1)(a) requires the higher standard of "but for causation" identified in cases such as
 
 Hecht
 
 , not the lower standard of merely requiring "a motivating factor" identified in cases such as
 
 Hazle
 
 . In analogous contexts, the United States Supreme Court has recognized that Title VII of the Civil Rights Act of 1964, 42 USC 2000e
 
 et seq
 
 .,"explicitly authoriz[es] discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment decision," while the Age Discrimination in Employment Act (ADEA), 29 USC 621
 
 et seq
 
 .,"does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor."
 
 Gross v. FBL Fin. Servs., Inc.
 
 ,
 
 557 U.S. 167
 
 , 174,
 
 129 S.Ct. 2343
 
 ,
 
 174 L.Ed.2d 119
 
 (2009). That Court explained that because the ADEA employs the words "because of," "[t]o establish a disparate-treatment claim under the plain language of the ADEA ... a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision."
 
 Id
 
 . at 176,
 
 129 S.Ct. 2343
 
 . Put simply, the Supreme Court recognized that there is a difference between the "a motivating factor" causation standard and the "but-for" causation standard, and because the ADEA requires "because of" causation, it imposes the "but-for" causation standard.
 
 Gross
 
 is noteworthy because MCL 37.2202(1)(a), as with the ADEA, employs
 the words "because of," not "a motivating factor."
 

 Furthermore, the Court of Appeals for the Sixth Circuit has also recently observed that Michigan caselaw interpreting the "because of" causation standard under MCL 37.2202(1)(a), at least in age-discrimination cases, is inconsistent with Supreme Court caselaw by imposing the lower "motivating factor" standard of causation:
 

 The ADEA prohibits an employer from discharging an employee "because of such individual's age." Similarly, the [CRA] provides that an employer shall not discharge an employee "because of" age. Given this similar language, we have traditionally analyzed ADEA and [CRA] claims using the same causation standard. More recently, however, the Supreme Court has clarified that an ADEA plaintiff must demonstrate that his "age was the 'but-for' cause of the challenged adverse employment action." Michigan courts, on the other hand, have held that [a CRA] plaintiff can prove discrimination if his age was merely a "motivating," or "determining factor in the employer's decision." [
 
 Lewis v. Detroit
 
 ,
 
 702 Fed.Appx. 274
 
 , 278 (C.A. 6, 2017) (citations omitted).]
 

 I recognize, of course, that in cases concerning interpretation of the CRA, we are not bound to follow federal caselaw interpreting a federal antidiscrimination statute, and that is as it should be.
 
 Haynie v. Dep't of State Police
 
 ,
 
 468 Mich. 302
 
 , 319,
 
 664 N.W.2d 129
 
 (2003) ("[W]e disagree with the dissent's assertion that this Court is somehow bound to interpret Michigan's Civil Rights Act in accordance with the federal courts' interpretation of the federal civil rights act .... [T]he Michigan Legislature was clearly not bound by the federal civil rights act."). Nonetheless, a "federal precedent may often be useful as guidance in this Court's interpretation of laws with federal analogues ...."
 
 Garg v. Macomb Co. Community Mental Health Servs.
 
 ,
 
 472 Mich. 263
 
 , 283,
 
 696 N.W.2d 646
 
 (2005). Given that the United States Supreme Court has interpreted the "because of" language in the ADEA as imposing "but-for" causation,
 
 Gross
 
 ,
 
 557 U.S. at 176
 
 ,
 
 129 S.Ct. 2343
 
 , I would grant leave to appeal to address whether the "because of" language in MCL 37.2202(1)(a) should be interpreted in a similar manner.
 

 Zahra, J., joins the statement of Markman, C.J.
 

 Bernstein, J., did not participate.
 

 Wilder, J., did not participate because he was on the Court of Appeals panel.